IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LEONARD GAONA**                                                                **PLAINTIFF**

vs.                                                  No. 5:20-cv-238

**REVOLUTION FOODS, INC.**                                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Leonard Gaona ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Revolution Foods, Inc. ("Defendant"), he does state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff a lawful minimum wage and overtime wage as required by the FLSA.

### II.   JURISDICTION AND VENUE

2.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Defendant conducts business within the State of Texas.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      Plaintiff was employed by Defendant to provide services for Defendant's business in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of, and venue is proper pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.      Plaintiff is an individual and resident and domiciliary of Bexar County.

8.      Plaintiff worked for Defendant in San Antonio as a dispatch supervisor and district manager within the three years preceding the filing of this complaint.

9.      At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

10.      Defendant is a foreign, for-profit corporation registered to do business in the State of Texas.

11.      Defendant's registered agent for service of process in Texas is Incorporating Services, Ltd., at 3610-2 North Josey, Suite 223, Carrollton, Texas 75007.

12.      Defendant produces and delivers meals to schools and other organizations.[1]

---

[1]      *See* https://www.revolutionfoods.com/, last visited Feb. 26, 2020.

13.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14.    During each of the three years preceding the filing of this Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

15.    Defendant was, at all times relevant herein, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16.    Defendant employed Plaintiff and had the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work, including the creation and maintenance of the pay policy applicable to Plaintiff.

## IV.    FACTUAL ALLEGATIONS

17.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18.    Plaintiff worked for Defendant from approximately November of 2016 until January of 2020.

19.    Plaintiff worked as a dispatch supervisor at Defendant's distribution center in San Antonio and was also required to perform the duties of a district manager.

20.    Plaintiff was primarily responsible for overseeing the drivers and ensuring the schedule was followed, cataloguing receipts, picking up rental trucks and responding to phone calls and emails.

21.    Throughout Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the FLSA and paid him an hourly rate.

22.     Plaintiff regularly worked more than forty (40) hours in a single workweek.

23.     It was Defendant's commonly applied practice not to pay Plaintiff for all the hours during which he performed work for Defendant.

24.     Plaintiff regularly responded to and was required to respond to calls and emails from his supervisors while off the clock at home in the evenings and on the weekends.

25.     Plaintiff was not paid for the hours he spent answering calls and emails at home.

26.     Plaintiff was regularly required to work on the weekends in the role of district manager or to fill in for absent workers.

27.     Plaintiff was often instructed by his manager not to clock in when he worked on the weekends, and he was not compensated for this off-the-clock time.

28.     As a result of these policies and practices, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked and a proper overtime premium for all of the hours he worked in excess of forty (40) hours in a week.

29.     At all relevant times herein, Defendant failed to accurately record all of the time worked off-the-clock by Plaintiff and failed to properly compensate all of the off-the-clock hours.

30.     Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of his recorded hours, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

31.     Plaintiff was required to drive between 200 and 800 miles per week in performing his duties for defendant.

32.     Defendant did not reimburse Plaintiff for gas, mileage and automobile expenses.

33.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2017:  53.5 cents/mile
> 2018:  54.5 cents/mile
> 2019:  58 cents/mile
> 2020:  57.5 cents/mile

34.     Because Plaintiff drove so many miles per week, he consistently "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* C.F.R. § 531.35.

35.     At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

## V.     CAUSE OF ACTION—VIOLATION OF THE FLSA

64.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

67.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

68.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful minimum wage for all hours

worked and an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

69.     Defendant willfully failed to pay minimum wages and overtime wages to Plaintiff.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Leonard Gaona respectfully prays for declaratory relief and damages as follows:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and putative collective members during the applicable statutory period;

F.    An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LEONARD GAONA**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com